**STATE, EX REL. ARMSTRONG, Relator, v INDUSTRIAL COMM., Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 3778—Decided March 21, 1946

R. N. Larrimer, Columbus, for Relator.

Hugh S. Jenkins, Attorney General, C. G. L. Yearick, and Albertus B. Conn, Asst. Attorneys General, Columbus, for Respondent.

**OPINION**

By THE COURT:

Submitted on motion of the relator to confirm the findings, conclusions and recommendations made in the report of the Master Commissioner and filed herein on the 21st day of January, 1946, and to which the respondent has filed its exceptions.

On consideration of the same the Court finds the motion well taken and the said findings, conclusions and recommendations of the Master Commissioner are hereby confirmed. Counsel for respondent attempts to distinguish this case from that of Nichols v Ohio Collieries, 75 Oh Ap 474, which distinction does not, in fact, exist. In the Nichols case, supra, the Court held that since the application for a rehearing was filed within the ten-year period that tolled the running of the statute and jurisdiction was retained by the Industrial Com-

mission. Now in the case at bar the record discloses an application for a modification of award was filed within the ten-year limitation period and the same was also dismissed within the ten-year period, but the order of dismissal was not made in compliance with §1465-90 GC in that it did not state the grounds on which the application was denied. The section of the Code referred to provides:

"* * * if the commission denies the right of the claimant to receive compensation or to continue to receive compensation the order of the commission shall state the ground or grounds on which the claim was denied; * * *."

Since this section was not complied with the order of dismissal made on November 9, 1937, was not a complete final order and the Industrial Commission retained jurisdiction in the case.

A writ of mandamus is ordered issued as prayed for in the petition.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.